ELECTRONICALLY FILED
2026 Aug 22 PM 12:41
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: WY-2026-CV-000700
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**CIVIL COURT DIVISION**

| | | |
|---|---|---|
| **LARWAN MCCLAINE** | ) | |
| | ) | **Case No.:** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **K.S.A. Chapter 60** |
| | ) | |
| **UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/ KANSAS CITY, KANSAS** | ) | |
| **Serve At:** | ) | |
| **Unified Government Clerk's Office** | ) | |
| **701 N 7th St., Ste. 323** | ) | |
| **Kansas City, Kansas 66101** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PETITION**

Plaintiff LaRwan McClaine, for his causes of action against Defendant Unified Government of Wyandotte County/Kansas City, Kansas, states and alleges as follows:

1. Plaintiff LaRwan McClaine is an African American adult male resident of Wyandotte County, Kansas.

2. Defendant Unified Government of Wyandotte County/Kansas City, Kansas ("UG") is a political subdivision organized under the laws of the State of Kansas. Defendant may be served through its Clerk as listed above.

3. This case arises under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq*., ("Title VII") and the Civil Rights Act, 42 U.S.C. §1981 ("§1981"). Defendant, acting through its agents and employees, subjected Plaintiff to race discrimination and retaliation.

4. Jurisdiction and venue are proper in this Court. This Court has jurisdiction over Title VII and §1981 claims pursuant to 42 U.S.C. §2000e-5(f)(3). Defendant hired, trained and

employed Plaintiff in Wyandotte County, Kansas, committed illegal acts in Wyandotte County, Kansas, made and executed employment decisions in Wyandotte County, Kansas, and Plaintiff was aggrieved and the adverse impact of Defendant's actions occurred in Wyandotte County, Kansas.

5. At all times relevant to this action, Defendant has employed fifteen or more employees in the state of Kansas and therefore is an "employer" under Title VII and §1981.

6. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), on June 22, 2026. The Charge of Discrimination was transferred to the U.S. Department of Justice who issued a Notice of Right to Sue on August 4, 2026.

7. At all times mentioned herein, all of Defendant's employees were acting within the scope of their employment with Defendant in furtherance of its business.

8. Plaintiff has been an employee of the Kansas City, Kansas fire department for 25 years.

9. Plaintiff is the only minority in the fire department at the top four levels of the department – at the level of Battalion Chief or above - which consists of approximately 27 employees, including Plaintiff. All other employees at this level or above are white males.

10. Plaintiff was promoted to Deputy Fire Chief by Chief Michael Callahan on approximately April 6, 2023.

11. In May 2023, after being promoted, Plaintiff was removed from his position while his promotion was investigated. Plaintiff filed a complaint with human resources alleging discrimination, naming an Assistant Chief and Battalion Chief who upon belief had filed complaints about Chief Callahan regarding the promotion of Plaintiff. After the brief investigation concluded, it was determined that Plaintiff's promotion complied with the necessary guidelines,

and Plaintiff was reinstated.

12. In June 2023, Dennis Rubin was named Chief of the Fire Department after Chief Callahan's retirement.

13. In January 2024, an email was sent seeking letters of interest from "eligible" Assistant Chiefs who wished to fill a vacated Deputy Chief position resulting from the retirement of another Deputy Chief. The minimum requirements for this position were set by the Fire Chief and were similar to those Chief Callahan required, which resulted in Assistant Chiefs not being eligible for promotion. Upon belief, after finding that certain candidates were ineligible, Chief Rubin reissued his email, revising the requirements to accommodate Assistant Chiefs who lacked the required qualifications. Upon belief, Chief Rubin's actions upset the already qualified Assistant Chiefs. Though unqualified by previous minimum qualifications standards an Assistant Chief was chosen to fill this vacancy.

14. During the week of December 8, 2025, Plaintiff in performing his job duties, began looking into a comp-time issue which related to one of the office staff's timekeepers. During this investigation, Plaintiff communicated with an Assistant Chief.

15. On December 16, 2025, the Assistant Chief requested a meeting with Chief Rubin, which resulted in the office staff's employee keeping the comp-time hours and the Assistant Chief being told to ensure the employee had prior approval before working on a holiday. After the Assistant Chief left Chief Rubin's office, Plaintiff expressed concerns about whether the hours had actually been worked. A discussion ensued wherein Plaintiff noted that he had already requested information that may show whether the employee had even worked the hours claimed.

16. Later on December 16, 2025, Plaintiff was called back into Chief Rubin's office. Chief Rubin told Plaintiff he was being sent home on administrative leave. Plaintiff repeatedly

asked Chief Rubin why he was being placed on administrative leave, however Chief Rubin refused to tell Plaintiff.

17. After being placed on administrative leave on December 16, 2025, Plaintiff went to UG Human Resources and filed a racial discrimination complaint against Chief Rubin.

18. Human resources told Plaintiff that given the type of complaint filed, it would be escalated to county administration, where an independent investigator would be assigned to review it.

19. On December 17, 2025, Plaintiff received a call from Chief Rubin telling him to return to work "full duty" on December 18, 2025, while the department investigated "this" (Plaintiff was unsure what Chief Rubin was referring to). Plaintiff returned to work as instructed.

20. Starting December 23, 2025, Plaintiff had a serious medical condition that resulted in him being off work until January 26, 2026.

21. Starting in February 2026, Plaintiff began to be left out of meetings that he should have been included in that discussed administrative and operational departmental issues.

22. On March 5, 2026 Plaintiff was interrogated by Kansas City, Kansas police about alleged time issues. Upon belief, these allegations were reported by Chief Rubin in a pretextual attempt to make it difficult for Plaintiff to become the next Fire Chief because of his race.

23. During the March 5, 2026 interrogation, Plaintiff was informed that he was being targeted. Plaintiff was informed for the first time that a tracking device had been secretly placed on Plaintiff's fire department take-home vehicle on or around October 24, 2025. Upon information, Plaintiff was the only employee targeted in this manner. This tracking device was used because of Plaintiff's race.

24. During the March 5, 2026 interrogation, Plaintiff reported that he was being

targeted by Fire Chief Rubin. Plaintiff reported that other similarly situated fire department employees used their take home vehicles and flexed time in a similar manner to Plaintiff. Upon information and belief, no other non-minority fire department employees were targeted or investigated in the same way Plaintiff was.

25. On March 6, 2026, Plaintiff was placed on Administrative Leave.

26. Plaintiff remained on Administrative Leave until May 8, 2026.

27. During Plaintiff's Administrative Leave, on approximately April 14, 2026, an email was sent to Assistant Fire Chiefs requesting letters of interest for a Deputy Fire Chief position. This was Plaintiff's position.

28. On May 8, 2026, Plaintiff was presented with a "Last Chance Agreement." Plaintiff was accused of various policy violations, all of which were pretextual. Plaintiff objected to the Last Change Agreement in full.

29. Chief Rubin presented the Last Chance Agreement to Plaintiff and advised him he had to sign the agreement, retire or be terminated. Plaintiff signed the agreement under protest.

30. Plaintiff was demoted two ranks, his wages were decreased, and he was prohibited from any future promotional opportunities for the remainder of his career.

31. Plaintiff internally appealed this demotion. Plaintiff has learned that this appeal was denied.

32. Defendant's reasons for Plaintiff's demotion were pretextual and not the real reason for his demotion.

33. Plaintiff was treated differently than other similarly situated non-minority employees because of his race and because of his reports of discrimination.

34. To the best of his knowledge, Plaintiff had no previous written discipline.

35. Plaintiff was qualified for his position as Deputy Fire Chief and his position was filled by a white male.

36. At all times relevant, Plaintiff performed his job to the best of his ability and met the legitimate job expectations of his employer.

**COUNT I - Title VII Race Discrimination**

37. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

38. Plaintiff is African American and is in a protected class of persons pursuant to Title VII.

39. Plaintiff was treated differently than similarly situated non-African American employees when he suffered adverse employment action as he was demoted for alleged offenses.

40. The reasons for Plaintiff's demotion were pretextual and not the real reason for his demotion.

41. The adverse employment action suffered by Plaintiff took place under circumstances that give rise to the inference of discrimination.

42. Plaintiff would not have been demoted but for his race.

43. As a direct and proximate result of the unlawful practices of Defendant, Plaintiff has sustained damages in the form of lost salary and benefits and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, Plaintiff LaRwan McClaine, prays for judgment against Defendant Unified Government of Wyandotte County/Kansas City, Kansas, for actual damages, attorney's fees, expenses, costs and any other equitable relief, including front pay and reinstatement, the Court deems proper.

**COUNT II – Title VII Retaliation Based On Race**

44. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

45. Plaintiff engaged in protected activity by objecting to and reporting what he believed in good faith to be discrimination based upon Plaintiff's race.

46. After Plaintiff's reports of racial discrimination in the workplace, Defendant, through its employees, took retaliatory action against Plaintiff by demoting him.

47. Defendant's reasons for Plaintiff's demotion were pretextual and not the real reason for his demotion.

48. Plaintiff's demotion was caused by Plaintiff's protected activity and therefore Plaintiff's demotion is in violation of Title VII.

49. As a direct and proximate result of the unlawful practices of Defendant, Plaintiff has sustained damages in the form of lost salary and benefits and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, Plaintiff LaRwan McClaine, prays for judgment against Defendant Unified Government of Wyandotte County/Kansas City, Kansas, for actual damages, attorney's fees, expenses, costs and any other equitable relief, including front pay and reinstatement, the Court deems proper.

**COUNT III – VIOLATION OF 42 U.S.C. §1981**

50. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

51. Plaintiff is African American and is in a protected class of persons pursuant to §1981.

52. During the course of Plaintiff's employment, Defendant's representatives, acting within the scope and course of employment, engaged in racial discrimination against Plaintiff.

53. Plaintiff suffered an adverse employment action in that he was demoted.

54. The adverse employment action suffered by Plaintiff took place under circumstances that give rise to the inference of discrimination.

55. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, Plaintiff LaRwan McClaine, prays for judgment against Defendant Unified Government of Wyandotte County/Kansas City, Kansas, for actual damages, attorney's fees, expenses, costs and any other equitable relief, including front pay and reinstatement, the Court deems proper.

**COUNT IV – VIOLATION OF 42 U.S.C. §1981 – RETALIATION**

56. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

57. Plaintiff engaged in protected activity by objecting to and reporting what he believed in good faith to be discrimination based upon Plaintiff's race.

58. After Plaintiff's reports of racial discrimination in the workplace, Defendant, through its employees, took retaliatory action against Plaintiff by demoting him.

59. Defendant's reasons for Plaintiff's demotion were pretextual and not the real reason for his demotion.

60. Plaintiff's demotion was caused by Plaintiff's protected activity and therefore Plaintiff's demotion is in violation of §1981.

61. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

WHEREFORE, Plaintiff LaRwan McClaine, prays for judgment against Defendant Unified Government of Wyandotte County/Kansas City, Kansas, for actual damages, attorney's fees, expenses, costs and any other equitable relief, including front pay and reinstatement, the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

**THORNBERRY BROWN, LLC**

By: /s/ Randall W. Brown

Randall W. Brown KS #17905
*Randy@ThornberryBrown.com*
Stephen C. Thornberry KS #17494
*Steve@ThornberryBrown.com*
4550 Main Street, Suite 205
Kansas City, Missouri 64111
(816) 531-8383 *telephone*
(816) 531-8385 *facsimile*
ATTORNEYS FOR PLAINTIFF

DISTRICT COURT WYANDOTTE COUNTY, KANSAS

I hereby certify the above and foregoing to be a True and correct copy, the original of which is filed and entered record in this court.
CLERK DISTRICT COURT
WYANDOTTE CO, KS
DATE 9/8/26
By ________, deputy.

ELECTRONICALLY FILED
2026 Aug 31 PM 2:13
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: WY-2026-CV-000700
PII COMPLIANT

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**CIVIL COURT DIVISION**

**LARWAN MCCLAINE**

**Plaintiff,**

**v.**

**UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/ KANSAS CITY, KANSAS**

**Defendant.**

**Case No.: WY-2026-CV-000700**

**K.S.A. Chapter 60**

**RETURN OF SERVICE**

Please take note that the summons and Petition were served on the defendant Unified Government of Wyandotte County/Kansas City, Kansas on August 28, 2026, via Certified Mail, return receipt requested. The executed return receipt is attached.

**THORNBERRY BROWN, LLC**

By: /s/ Randall W. Brown
Randall W. Brown KS #17905
*Randy@ThornberryBrown.com*
Stephen C. Thornberry KS #17494
*Steve@ThornberryBrown.com*
4550 Main Street, Suite 205
Kansas City, Missouri 64111
(816) 531-8383 *telephone*
(816) 531-8385 *facsimile*
ATTORNEYS FOR PLAINTIFF

DISTRICT COURT
WYANDOTTE COUNTY, KANSAS

I hereby certify the above and foregoing to be a True and correct copy, the original of which is filed and entered record in this court.
CLERK DISTRICT COURT
WYANDOTTE CO, KS
DATE 9/8/26
By ____________, deputy.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece,

**Unified Government of**
**Wyandotte County/Kansas City, KS**
**Clerk's Office**
**701 N 7th St., Ste. 323**
**Kansas City, Kansas 66101**

9590 9402 8892 4064 7381 73

2. Article Number (Transfer from service label)

9589 0710 5270 3481 4802 83

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X J Smith
☑ Agent
☐ Addressee

B. Received by (Printed Name)
J SMITH

C. Date of Delivery
8-28-26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...estricted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

USPS TRACKING #

KANSAS CITY 640

9590 9402 8892 4064 7381 73

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Thornberry Brown, LLC
4550 Main Street, Ste. 205
Kansas City, Missouri 64111